NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CAPITAL ONE, NATIONAL
ASSOCIATION,

    Plaintiff,

v.

SPORTS & IMPORTS LLC, A New Jersey
Limited Liability Company, Carsdotcom LLC,
Martin Berlin, and Adam Berlin

Civ. No. 09-0078

OPINION & ORDER

THOMPSON, U.S.D.J.

    This matter comes before the Court upon Plaintiff's Motion for Summary Judgment [21]. The motion is unopposed, and the Court has decided the motion upon Plaintiff's written submissions, without oral argument. For the following reasons, the Motion is GRANTED IN PART and DENIED IN PART.

    On September 25, 2002, Defendant Sports and Imports ("Sports") entered into a floor plan agreement with Trust Company of New Jersey ("Trust"), whereby Trust agreed to provide financing for Sports's inventory. North Fork Bank (a nonparty to this action) and Capital One later took over aspects of the financing arrangement. In conjunction with renewals and modifications of the financing agreement, Defendant Carsdotcom executed a guarantee of Sports's obligations to Capital One. In conjunction with other modifications, Defendant Martin Berlin executed a guarantee of Sports's obligations to North Fork Bank. Both guarantees are absolute and unconditional, and provide for the recovery of attorneys' fees incurred in their enforcement. Capitol One later became the successor in interest to North Fork Bank, and it

1

became the new creditor on Sports's obligations to North Fork.  Martin Berlin's guarantee, by its terms, inured to the benefit of Capitol One.

On July 1, 2008, Sports and Capitol One renewed and modified the financing agreement, and one of the provisions in the new agreement required Sports to hold all proceeds of the disposition of its inventory in trust for Capitol One.  However, Sports violated this provision on November 25, 2008 by selling several vehicles out of trust.  As permitted by their agreement, Capitol One terminated the agreement and accelerated the balance due.

Plaintiff Capitol One filed this action on January 8, 2009.  In accordance with a Consent Order, Sports remitted $1,133,576 to Plaintiff.  However, a balance of $712,983.50 plus interest and attorneys fees remains due.  Plaintiff filed this summary judgment motion to recover the balance due from Defendants Martin Berlin and Carsdotcom as guarantors of Sports' debts.

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2).  If the motion is properly supported, the party against whom judgment is sought may not rest on the allegations and denials in her pleadings, but must rather demonstrate by affidavit or otherwise that there is a genuine issue for trial.  Fed. R. Civ. P. 56(e)(2).

The guarantee provides that it is governed by New York law.  "On a motion for summary judgment to enforce a written guaranty, all that the creditor need prove is an absolute and unconditional guaranty, the underlying debt, and the guarantor's failure to perform under the guaranty." *City of New York v. Clarose Cinema Corp.*, 256 N.Y.S.2d 251, 253 (N.Y. App. Div. 1998) (citations omitted).

On December 16, 2009, Martin Berlin filed a petition for bankruptcy under Chapter 7 of the Bankruptcy Code. *See In Re Martin Berlin*, No. 09-43822 (Bankr. D.N.J.). Under 11 U.S.C. § 362, this resulted in an automatic stay on all actions against Martin Berlin. Plaintiff has indicated its awareness of Berlin's petition and has not indicated any effort to lift the stay. Therefore, Plaintiff's motion must be denied without prejudice as against Defendant Martin Berlin.

Defendant Carsdotcom has not filed any opposition to Plaintiff's motion. The facts in the record support a finding that Sports owes Plaintiff $712,983.50 plus interest and attorneys fees. The facts also show that Carsdotcom gave Plaintiff an unconditional guarantee and that it has now breached that guarantee. Since Plaintiff has made a showing that supports a finding in its favor, the burden shifts to Defendant to show that there is a genuine issue of fact on at least one of these elements. Carsdotcom has not done so. Therefore, summary judgment will be granted against Carsdotcom.

It is therefore ORDERED, this 12th day of January, 2010, that Plaintiff's Motion for Summary Judgment [21] is GRANTED IN PART; and

It is further ORDERED that Plaintiff recover from Defendant Carsdotcom the amount of $712,983.50 plus interest, costs, and attorneys fees; and

It is further ORDERED that, within 30 days, Plaintiff inform the Court as to whether it believes it is entitled to have the Court enter final judgment as against Defendant Carsdotcom (*see* Fed. R. Civ. P. 54(b)), and if so, it is further ORDERED that Plaintiff submit a proposed form of order and documentation in support of its claim for attorneys' fees in accordance with L. Civ. R. 54.2; and

It is further ORDERED that Plaintiff's Motion for Summary Judgment is DENIED without prejudice as against Defendant Berlin.

*/s/  Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.
